There is only one oralist here today. Ms. Soni, are you on the line? Yes, I am, Your Honor. All right. And the appellee elected to proceed on submission. So, all right. The floor is yours. I guess you don't need a rebuttal. No. May it please the Court. So, Ms. Soni, for the Commissioner of Social Security, three appellate courts have already resolved this question in favor of the government. That's the Sixth Circuit in Babcock, the Tenth Circuit in Kent, and the Eleventh Circuit in Martin. Like the plaintiffs in those cases, the plaintiff in this case, Mr. Linza, is receiving two separate retirement payments under two separate sources of statutory authority. The first is his military retirement payment, and that is paid out by the Defense Finance Accounting Service under the authority of Title X. And that is for his service in the National Guard on weekends and annual field training and his active duty deployment. He gets the benefit of the Uniformed Services Exception for that payment. But he's also getting a second payment, and that is his payment under the Civil Service Retirement System. That's paid out by the Office of Personnel Management under Title V. And that is for his civilian civil service employment as a dual-status technician. He does not get the benefit of the exception for that payment because the exception only applies to a payment based wholly on service as a member of a uniformed service as defined in Section 410M. So, a Civil Service Retirement System payment is paid out by OPM only to civil servants, people in the civil service under Title V. Title V defines civil service to exclude positions in the uniformed service. As Babcock and Kent point out, it would not actually have been possible for someone serving entirely as a member of a uniformed service to get a Civil Service Retirement System payment because it is only available for the civil service. This is Judge Park. What's the word wholly supposed to do then? In other words, what's an example of a, I guess, a civilian pension that's based wholly on uniformed service? Well, Your Honor, I'm not aware of one. I mean, one thing it does in this case is it excludes Mr. Linsa because in Babcock's and the 10th and the 11th circuits do as well. When you look at the text and you look at wholly, the work it's doing is you look at the dictionary definition and it means entirely or to the exclusion of all else. Then you look at, equally importantly, Congress' use of the word as, as a member of a uniformed service because Congress could have chosen other words there. But as in this context means in the role of, in the capacity of, and those two words wholly and as, Babcock says they limit the scope of this exception. So then you see that the exception actually – So what's an example of what's being excluded? Well, Your Honor, I'm not aware of what is excluded if there were a payment that was based partially on service as a member of a uniformed service. I'm not aware of what that would be. You know, here – Can that happen? Oh, yes. I don't understand the practical matter. Is there such a thing as a partially based? That's what I'm trying to understand. Is it the word wholly is actually doing any work or it's a purpose under this reading? It is doing work, Your Honor. I apologize. I'd refer you to the section of our reply brief where we talk about how it is possible for the civil service, under the civil service retirement system, if, let's say, hypothetically, someone was working in the civil service and then they also were in the National Guard or the Army Reserves, you know, part time, and they were getting – they would get a military pension, but it would be very small. Then there are certain circumstances where they can simply get credit for their military – their time spent in the military and get that somehow added. It's very complicated. Get it added so that they get credit on the civil service side under the civil service retirement system. There are a lot of limitations on this, and the reason I gave is one reason why one would do it. If you weren't going to get much of a military pension, you might say, well, if I can add that time on the civilian side, I'll get a bigger civilian pension, and all I have to do is say I'm going to forego my military pension, which wasn't much to begin with. In that circumstance, you are getting a civil service pension that is based in part on your military service. I'm not sure if I've been sufficiently clear. This is a complicated aspect of the Social Security Act, but that would be one instance where wholly would be doing work. Because that would be – what I described would be a certain situation in which your pension would be based in part on military service. Now – Thank you. That's helpful. Okay, none of that is actually what's going on here. Here, he worked his weekends. He served in the National Guard, and he carried out his active-duty deployments, and he was paid on the military wage scale. He got military retirement benefits and other military benefits, and that was all under Title 37, covers paying allowances for the uniformed services. Title 10 covers the retired pay for the reserve components. And then under Title 5, he was working as a dual-status technician during his work week. And what follows from the fact that he was a Title 5 employee are all the other things that make up the civil service. It means that dual-status technicians can join a union. It means so that some aspects of their employment are covered by a collective bargaining agreement. It means that if they have to work additional hours, they can get compensatory time off. It means that if they get injured on the job, they can get Federal Employee Compensation Act relief or workers' compensation. And, of course, someone who is serving as a member of a uniformed service, as in the National Guard, doesn't get any of that because what he's doing is under separate statutory authority. Another point that we make in our reply brief is that, you know, Lyndsa argues that there would be no prohibition in the law on getting civil service retirement benefits for serving as a member of a uniformed service. But, in fact, as we've described, the sources of statutory authority are different, and Title 5 excludes positions in the uniformed service from the civil service. You also would have an appropriations problem, a problem under the Appropriations Clause and the Purpose Statute. And that comes about because you are only supposed to spend money on the purposes for which it's authorized. So one example would be of a problem would be for someone like Mr. Lyndsa would be if you could not, for instance, spend money that was appropriated on the civil service side to pay dual status technicians to pay for a training requirement that he had in his role as a National Guard service member. And those types of training requirements are things like weapons training, chemical warfare training, things that requirements that the dual status technicians, of course, do not have because it's a different position. It's not a military position. There has been some questions raised by the plaintiff that he could, in fact, occupy more than one status at a time, that he could be serving as a member of a uniformed service at the same time that he was working as a dual status technician. And the different sources of statutory authority, they settle that question. But also the Supreme Court said in the Perpich case, Perpich versus Department of Defense, that you can only be in one status at a time. The way the court said it was someone who's serving the National Guard keeps three hats in his closet. The civilian hat, the state militia hat, and the Army, or we would say in this case the Air Force hat. But you can only wear one hat at a time. You can only be in one status at a time. So if it would be helpful at this point for me to walk through the text, which the Babcock court gave a particularly close reading to, then I would do that. I have about less than a minute left. I think we understand these arguments, and there's three circuits, as you said, that have also weighed in on this. One question I had just as a practical matter, how much hangs in the balance here depending on how we decide in terms of a monthly check? Well, for Mr. Linza, it was less than $300 per month. I mean for the individuals, it's quite important, and the principle for the agency, for us, is quite important. In terms of how many dual-status technicians, I can tell you that it applies to only 16 years of hiring because the position of dual-status technician was created in 1968, and then starting in 1984, everyone hired from January 1984 was covered under the Social Security Act. And of course, the windfall provision only applies to a payment for non-covered service. So it's basically 16 years of hiring, and there's a limited number of dual-status technicians, but this is the period when more of them have been from that period are retiring. So we are seeing a number of these cases, but it is indeed a closed group. Okay. All right. Well, thank you. Let me just ask Judges Park and Nardini if they have any other questions. No, thank you. That was very helpful. Okay. Thank you, Ms. Toney. Will we have a decision?